IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:11CR236 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| CHADWICK DEAN GRANT, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's objections, Filing No. 31, to the findings and recommendation ("F&R") of the magistrate judge, Filing No. 28, denying defendant's motion to suppress, Filing No. 18. The indictment charges the defendant in Count I with possession with the intent to distribute 28 grams or more of a substance containing cocaine base, and in Count II with possession with the intent to distribute a substance containing cocaine, both in violation of 21 U.S.C. § 841(a)(1) and (b)(1). Filing No. 1. The court has carefully reviewed the record, and in particular the transcript, Filing No. 26, the findings and recommendation of the magistrate judge, the defendant's objections, the briefs of the parties, and the relevant case law. Based on this review, the court will grant the objections filed by the defendant and suppress the evidence in this case.

The defendant agrees that the F&R accurately states the facts. Briefly, Sergeant Jeffrey Wilcynski of the Nebraska State Patrol pulled the defendant over for speeding. When asked questions about the location of his girlfriend and the owner of the car, Sergeant Wilcynski testified that the defendant hesitated. Such hesitation caused

suspicion on the part of Sergeant Wilcynski.[1] Further, the sergeant saw a small gym bag in the back of the car which was not of a size sufficient to hold clothes for a trip to Denver, Colorado, for a week and a half, which is where the defendant stated he was traveling to and from at that time.[2] Sergeant Wilcynski then handed the defendant his warning ticket and, thereafter, asked the defendant some additional questions, including whether the defendant would consent to a search of the car. The defendant unequivocally indicated he would not consent to the search of his car. Sergeant Wilcynski asked the defendant why he would not consent, and the defendant stated he was late and wanted to leave. Sergeant Wilcynski then told the defendant that he wanted to do a drug sniff of the car, if that was okay. The magistrate judge found that although the colloquy was not totally clear, the defendant did acquiesce. The following conversation occurred when the defendant was asked to consent to the search of his car:

> Defendant Grant: I'd rather not.
>
> Sergeant Wilcynski: Can I ask why?
>
> Grant: I just want to leave, that's all.
>
> Wilcynski: I think what we're going to do, is because of your – I mean, what would you think about it, if I had a dog come and go around it? If he doesn't indicate anything, then we'll get you going.
>
> Grant. Okay.
>
> Wilcynski: Is that alright?
>
> Grant: Sure.

---

[1] The court heard no hesitation as described by Sergeant Wilcynski on the audio tape recording.

[2] Although the government points out these apparent behaviors in its brief, the government also notes that this case is purely a consent case and does not develop any of these arguments or issues.

2

>   Wilcynski: Okay.
>
>   Grant: I guess so.

Filing No. 24, Ex. 1, 10:39-11:07, CD of traffic stop.  The magistrate judge determined that this wording was not ideal, but concluded that in the context of the questions and answers, the defendant consented, particularly when he said "sure."  Approximately 20 minutes later, the canine arrived, the dog alerted, a search ensued, and both cocaine and cocaine base were discovered.

The defendant objects on the basis that (1) he voluntarily consented to continuing the traffic stop while a canine was called to the scene, and (2) objects to the denial by the magistrate judge of the motion to suppress.  Defendant argues that a reasonable person would not believe he could leave and that the defendant believed he had no choice in this matter.  See United States v. Williams, 521 F.3d 902, 906-07 (8th Cir. 2008),*quoting* Untied States v. Jones, 254 F.3d 692, 695 (8th Cir. 2001) ("The precise question is not whether [Grant] consented subjectively, but whether his conduct would have caused a reasonable person to believe that he consented.").

The court agrees that the traffic stop is valid.  However, a traffic stop can become unlawful "'if it is prolonged beyond the time reasonably required to complete' its purpose."  United States v. Shafer, 608 F.3d 1056, 1062 (8th Cir. 2010) (quoting Illinois v. Caballes, 543 U.S. 405, 407 (2005)).  The *Shafer* court stated:

> To continue to detain a vehicle's occupants after the initial stop is completed, the officer must have been aware of "particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." United States v. Donnelly, 475 F.3d 946, 952 (8th Cir.2007) (quotation omitted) (citing Terry v. Ohio, 392 U.S. 1, 20-21, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968)). "Whether an officer has reasonable suspicion to expand the scope of a traffic stop is determined

by looking at the totality of the circumstances, in light of the officer's experience." *United States v. Gill*, 513 F.3d 836, 844 (8th Cir.2008) (quotation omitted).

*Shafer*, 608 F.3d at 1062. Further, a brief detention to allow for a dog sniff at the end of a stop is considered de minimus and not violative of the Fourth Amendment. *Caballes*, 543 U.S. at 409; *United States v. Alexander*, 448 F.3d 1014, 1016-17 (8th Cir. 2006). The officers "may extend a traffic stop beyond its normal completion if the encounter has become consensual." *United States v. Rivera*, 570 F.3d 1009, 1013 (8th Cir. 2009). The government bears the burden of proving voluntary consent by a preponderance of evidence. *United States v. Golinveaux*, 611 F.3d 956, 959 (8th Cir. 2010) ("The government bears the burden to prove by a preponderance of the evidence that consent to search was freely given, but awareness of the right to refuse is not necessary for consent to be voluntary." *United States v. Arciniega*, 569 F.3d 394, 398 (8th Cir.2009) (quoting *United States v. Smith*, 260 F.3d 922, 924 (8th Cir. 2001)). Mere acquiescence is not sufficient. *Bumper v. North Carolina*, 391 U.S. 543, 548-49 (1968). "Where there is coercion there cannot be consent." *Id*.

The parties all agree that the defendant did not consent to the search. It is also clear that the traffic stop ended when Sergeant Wilcynski handed the defendant the warning ticket. *See United States v. Garcia*, 613 F.3d 749, 753 (8th Cir. 2010). It is apparent that defendant was then detained for over twenty minutes from the time of the stop until the K-9 officer arrived. The question is whether the defendant was "detained" in violation of the Fourth Amendment or whether he voluntarily agreed and consented to await the arrival of the drug K-9.

4

The statement by the Sergeant Wilcynski that he would release the defendant if nothing happened is bothersome to the court. Sergeant Wilcynski told the defendant that if the dog did not indicate, "then we'll get you going." *Id*. That language sounds more like a coerced consent and resulting detention than it does a consensual arrangement. It is hard to imagine that the defendant really felt free to leave after that statement. If a reasonable person does not believe he is free to leave, a seizure occurs. *Garcia*, 613 F.3d at 753, citing *United States v. Jones*, 269 F.3d 919, 925 (8th Cir. 2001).

The burden is on the government to show consent. Law enforcement officers must ask good questions. These questions must be clear and the responses must be clear and not the result of coercion or coercive language. Further, there is always the option of obtaining a written consent which was not done in this case. The question/statement by Sergeant Wilcynski telling the defendant that if the dog did not indicate, "then we'll get you going" was clearly coercive. The message was clear: We are going to have you wait for the dog to arrive and search, and if it does not alert, you can leave. The intent of that question/statement is clear and unambiguous. The court finds that the follow-up questions and answers were tainted by the first statement regarding the dog sniff and the language sent the message that the defendant was to allow that process and in return would be allowed to go if nothing else transpired. The court listened to the audio tape recording, and the argument by the government that the defendant clearly consented after this statement/question is without merit. In fact, the defendant sounds as though he is resigned to the sergeant's scenario of what would transpire. This analysis is further supported by his final statement, "I guess so." There was no way for the defendant to say "no." The combination of the vague initial question, the statement by Sergeant Jeffrey

Wilcynski that they would allow the defendant to leave after the dog sniff, the defendant's unequivocal "no" to the search, and the statement by the defendant that he wanted to go, cause this court to find that a detention occurred and to further find that consent was not freely and voluntarily given. Accordingly, the motion to suppress and the objections are granted.

THEREFORE, IT IS ORDERED:

1. The defendant's motion to suppress, Filing No. 18, is granted.

2. The defendant's objections, Filing No. 31, to the F&R are granted.

3. The findings and recommendation of the magistrate judge, Filing No. 28, are not adopted.

DATED this 15th day of November, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.